UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL GRIFFIN,

        Petitioner,

    v.

UNITED STATES OF AMERICA,

        Respondent.

No. CV05-05316RBL
(CR04-0034RBL)

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

THIS MATTER is before the above-entitled Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Dkt. #1] pursuant to 28 U.S.C. § 2255. Having considered the entirety of the record, the Court finds as follows:

**Background**

The petitioner was sentenced on May 6, 2004 to 84 months in custody upon entering a guilty plea to being a felon in possession of a firearm [Dkt. # 27]. In the course of pleading guilty, the petitioner waived indictment [Dkt. # 18], consented to a Rule 11 plea [Dkt. # 17], and entered into a plea agreement with the Government [Dkt. # 19]. The petitioner consented and entered into all of these agreements with the benefit and advice of counsel. The petitioner did not appeal his conviction; therefore sentence became final shortly thereafter.

The Petitioner now seeks to have his sentence modified from the 84 month term of imprisonment imposed at time of sentencing to a term of 37 months by way of § 2255 motion. The petitioner alleges four grounds as the bases for the relief sought. The Court now addresses each ground separately.

ORDER

**Analysis**

The starting point for a § 2255 analysis is that final judgements are entitled to great deference and are given a "presumption of regularity." *See Hill v. United States*, 284 F.2d 754 (9th Cir. 1960). The burden of overcoming that presumption is on the defendant/petitioner.

**1. Alleged denial of Sixth Amendment protections:**

As his first ground for challenging the sentence imposed by the Court, the petitioner argues that the Court acted unconstitutionally when it enhanced his sentence based on facts that were not set out in the indictment and not found by a jury. In making his argument, the petitioner relies on *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The petitioner's reliance is misplaced.

The question presented in *Blakely* concerned the imposition of an exceptional sentence under the Washington Sentencing Reform Act. The petitioner was sentenced under the Federal Sentencing Guidelines which have been held constitutional. *See United States v. Booker*, 125 S. Ct. 738 (2005). Petitioner's argument that the Court may not base an enhancement of his sentence on facts not found by a jury also mis-perceives the law. It is only where a finding of fact increases the defendant's sentence beyond the statutory maximum for the offense of which he is convicted that the fact must be found by a jury beyond a reasonable doubt. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In the instant case, the petitioner's sentence of 84 months does not exceed the statutory maximum of ten years for the offense of which the petitioner pleaded guilty. That the Court finds a fact to exists for purposes of enhancing a sentence does not by itself raise a constitutional question. In the instant case, the Court did no more than what it is permitted and required by law to do when it considered all of the defendant's relevant conduct in determining a just sentence. Even so, the Court imposed a sentence at the lowest end of that recommended by the Government. For the reasons given, the Court finds that the petitioner's allegation that he was denied Sixth Amendment protections lacks merit.

**2. Alleged denial of Fifth Amendment Due Process:**

The petitioner next challenges his sentence on the grounds that he was denied due process because the indictment does not list all the facts and elements with which he was charged. However, in the instant case, the petitioner waived his right to an indictment in accordance with rule 7(a) of the Federal Rules of Criminal Procedure. The record reflects that the petitioner did so knowingly and voluntarily. The Court takes notice that the waiver of indictment is flawed in that it contains the following typographical error in

ORDER

which the word "Information" is erroneously substituted in place of "Indictment":

> ...having been advised that pursuant to Rule 7(b) of the Federal Rules of Criminal Procedure I may waive prosecution by *Information* and may be prosecuted by Information...

Wavier of Indictment [Dkt. 18] (italics added). However, the Court also notes that the petitioner had the benefit of counsel at the time he consented to the waiver.  Further, the fact the petitioner entered into a plea agreement  [Dkt. # 19], again with benefit of counsel,  in which the terms and effects of his wavier of indictment are explicitly detailed leads the Court to conclude the petitioner was not prejudiced by the typographical error contained in the wavier of indictment.  Moreover, the petitioner's conviction rested solely on the facts to which he pleaded guilty, the entirety of which were explicitly contained in the plea agreement.  That the Court might consider other relevant conduct for purposes of sentencing was a fact also explicitly detailed in the plea agreement.  For the reasons given, the Court finds that the petitioner's allegation that he was denied Fifth Amendment Due Process protections lacks merit

**3**.  **Alleged "violations" of Ninth Amendment:**

The petitioner next alleges that the Government violated the Ninth Amendment by acting in a manner calculated to keep him uninformed of its intentions to seek sentencing enhancements not charged in the indictment.  As an initial matter, the Court finds this allegation more properly raised as a denial of due process.  Regardless, the Court finds the petitioner's claim lacks merit for the same reasons as stated above.  The petitioner, with benefit of counsel, waived indictment and entered into a plea agreement. Neither document precluded the Government from seeking sentencing enhancements within the statutory allowable based on the totality of the petitioner's conduct relating to the commission of the charged offense.  To the contrary, the plea agreement entered into by the petitioner clearly stated that for purposes of the presentence report, evidence of all of the petitioner's relevant conduct would be submitted.  The only assurance given as to the Government's recommendation of sentence was that it would fall "within the applicable range" as determined by the Court at time of sentencing.  The record shows that this is what occurred.  The plea agreement also contained a wavier of petitioner's right to appeal his sentence.  The record shows that the petitioner asserted his understanding and acceptance of these terms on numerous occasions.  Absent a showing that the plea agreement was entered into unintelligently or through coercion,

ORDER

the sentence authorized by the agreement may not be attacked simply because it does not meet the petitioner's expectations. *See, c.f., Brady v. United States*, 397 U.S. 742, 757 (1970) (holding that a plea is not "vulnerable to later attack if defendant did not correctly assess every relevant factor entering into his decision."). For the reasons given, the Court finds that the petitioner's allegation that he was denied Ninth Amendment protections lacks merit. This brings the Court to petitioner's fourth ground for requesting relief under a § 2255 motion.

**4. Alleged denial of Sixth Amendment right to counsel:**

The petitioner claims he was prejudiced by lack of effective assistance of counsel. Because the petitioner's plea agreement specifically waives his right to appeal the sentence imposed by the Court, the predicate question is whether petitioner's claim of ineffective assistance of counsel goes to the negotiation of the plea agreement itself, or merely relates to the performance of counsel with respect to sentencing. *See Mason v United States*, 211 F.3d 1065, 1068 (7th Cir. 2000); *see also*, *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994). The majority rule is that a defendant may raise an ineffective assistance of counsel claim where the claim goes to the negotiation of the plea agreement itself, but not where the claim relates only to sentencing. *See United States v. Djelevic*, 161 F.3d 104 (2nd Cir. 1998) (rejecting ineffective assistance of counsel claim where Court found defendant was "in reality ... challenging the correctness of his sentence," "despite his effort to dress up his claim as a violation of the Sixth Amendment"); *see also United States v. Joiner*, 183 F.3d. 635 (7th Cir. 1999); *and United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001). The record shows petitioner was represented by counsel in negotiating the plea agreement. The record also shows that on questioning by the Court, the petitioner asserted to the Court that he understood the terms of his plea agreement, the admissions he was making by accepting the plea agreement, and the rights he was waiving by virtue of entering into the plea agreement. There is nothing in the record that tends to contradict these assertions. The Court further notes that each of the other three grounds asserted by the petitioner in his § 2255 motion relate to the appropriateness of the petitioner's

ORDER

sentence, and not to petitioner's conviction.  Additionally, the relief sought by petitioner in his § 2255 motion pertains to the petitioner's sentence, and not to the conviction itself.  For these reasons, the Court finds that the petitioner's claim of ineffectiveness of counsel relates to his sentence and not his conviction.  Nevertheless, were the Court to conclude that the petitioner's allegation of ineffective assistance of counsel is not simply a vehicle for attacking his sentence rather than his conviction, his claim would prove inadequate for its lack of specificity.

The petitioner relies on *Strickland v. Washington*, 466 U.S. 668 (1984) in asserting his claim of ineffective assistance of counsel.  However, *Strickland* holds that defendant must overcome "a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* at 689.  Under *Strickland*, a claim of ineffective assistance of counsel requires a convicted defendant to identify the "acts or omissions" on which the claim is based. *Id.* at 690.  This requirement is not satisfied by conclusory assertions of error that fail to specify discrete instances having a basis in the record.  *See United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir), *cert denied*, 451 U.S. 983 (1981); *and Miller v. United States*, 339 F.2d 581 (9th Cir. 1964).  In support of his claim of ineffective assistance of counsel, petitioner merely alleges his counsel failed to investigate the facts of the case and research applicable law  These assertions of the petitioner are exemplars of what is meant by conclusory assertions.  As noted previously, this claim lacks the most basic of specificity in its failure to state whether the claim asserted goes to counsel's negotiation of the plea agreement, or rather counsel's performance as regards sentencing.   The petitioner does not explain in what way his counsel failed to investigate the facts of the case or what facts were not considered as a result of this alleged failure.  The petitioner's allegation that his counsel failed to research applicable law is similarly flawed.  Simply stated, the petitioner's assertions of error do not state specific facts, are not supported by the record and are insufficient to sustain the relief sought.

ORDER

1 | For reasons set out herein, the Court finds petitioner has not and cannot sustain his burden on any of the arguments in his § 2255 motion. Accordingly, it is hereby

ORDERED that Petitioner's § 2255 Motion [Dkt. #1] to Vacate, Set Aside, or Correct Sentence is DENIED.

DATED this 22nd day of June, 2005.

*/s/ Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER